### 13727. WASHINGTON v. THE STATE.

Error in admitting evidence over objection is not cause for a new trial if evidence to the same effect was admitted without objection.

Without the evidence complained of there was enough evidence to support the verdict.

DECIDED JULY 25, 1922.

Accusation of possessing liquor; from city court of Thomasville — Judge W. H. Hammond. May 6, 1922.

*J. B. Burch,* for plaintiff in error.

BLOODWORTH, J. The accused was convicted of having in her possession intoxicating liquor. The only ground of the amendment to the motion for a new trial alleges that the court erred in allowing witness Williams to testify that he "found a broken jug and moonshine whisky spilled on the floor," the objection thereto being that "the testimony of the witness showed that the

evidence objected to was procured illegally and in violation of "
paragraphs 6 and 16 of article 1, section 1 of the constitution of
the State of Georgia (Civil Code of 1910, §§ 6362, 6372). Even
if the admission of this evidence was error, it should not result in
the grant of a new trial, as without any objection this same wit-
ness was allowed to testify: "After I entered the room I saw her
break one quart jar of moonshine whisky; . . it looked like
whisky, smelled like whisky, and was moonshine whisky. She was
the only one in this room." Other witnesses who were present
testified as follows: (Doss) "I later went in the front room, and
there was moonshine whisky running on the floor and several
broken glass jars there. The liquid on the floor was moonshine
whisky." (Stevens) "When I got into the house there were
several glass jars broken on the floor, and the moonshine whisky
was running on the floor. . . Didn't taste any of that liquid
on the floor. I examined it and smelled it. It looked like moon-
shine whisky, smelled like moonshine whisky, and was moonshine
whisky." (Milton) "When I got into the front room there was
nobody in there except Mr. Zack Williams and the defendant, and
there were several glass jars broken on the floor and whisky run-
ning over the floor." Eliminating the evidence of which com-
plaint is made, the remaining evidence is ample to support the
verdict, and no error was committed when the motion for a new
trial was overruled.

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*