58320. BROWN v. THE STATE.
58321. SEALOCK v. THE STATE.

SHULMAN, Judge.
Co-defendants Brown and Sealock were found guilty of the offense of homicide by vehicle in the first degree. Sealock was also convicted of the offense of driving on a revoked license. We reverse the judgments as to the offense of vehicular homicide; we affirm defendant Sealock's conviction of driving on a revoked license.

1. Appellants contend that it was error for the trial court to refuse to direct a verdict of acquittal because, as a matter of law, the evidence could not support a jury verdict. Appellants allege that the state failed to prove the corpus delicti, in that there was no evidence that their alleged unlawful acts were the proximate cause of the

death of another. We agree.

Count 1 of the indictments upon which defendants were convicted alleged that defendants did "unlawfully without malice aforethought cause the death of Diane Ashmore, a human being, [in that said defendants did operate a motor vehicle] in reckless disregard for the safety of persons and property while under the influence of alcohol and drugs . . ." See Code Ann. § 68A-903.

The burden was upon the state to prove the corpus delicti; to show that defendants' alleged unlawful acts were the proximate cause of the purported victim's (Diane Ashmore's) death. See *Cain v. State,* 55 Ga. App. 376 (190 SE 371). This the state failed to do. Even assuming that the state set forth prima facie evidence of the death of Diane Ashmore, the state's failure to produce evidence connecting her death with the alleged unlawful acts of the defendants mandates reversal. See, e.g., *Warren v. State,* 153 Ga. 354 (2a) (112 SE 283); *Grimes v. State,* 204 Ga. 854 (1) (51 SE2d 797); *Lee v. State,* 76 Ga. 498. Compare *Martin v. State,* 102 Ga. App. 216, 220 (115 SE2d 859).

The requirements for determining the proximate cause of death were stated in *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861). There the court said: " 'Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of the death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause.' " *Martin v. State,* supra, p. 221.

In the case at bar no such evidence was presented. There was mention of a "fatality" at trial, but there was no testimony linking defendants' actions with the death of Ms. Ashmore. This court has held that "[w]here there is no testimony except that of witnesses who state they do not know how the deceased met [her] death, the evidence is insufficient to sustain conviction since it may be presumed that death resulted from natural causes. [Cits.]" *Martin,* supra, p. 220.

Thus, even assuming sufficient circumstantial

evidence of a fatality was introduced at trial, there was no evidence of how the deceased met her death. Indeed, no witnesses even testified that they did *not* know *how* the deceased had died, as no mention was made or questions asked regarding the injuries sustained by the deceased. This being so, we must conclude that the state failed to meet its burden of proof. Since the state failed to establish the corpus delicti, the trial court erred in refusing to direct verdicts of acquittal in favor of appellants in Count 1.

2. Defendant Sealock contends that the court's decision to allow the state to reopen its case to present evidence against him on the charge of driving on a revoked license constituted reversible error. We disagree. It was within the court's discretion to reopen the case for the presentation of additional evidence. See, e.g., *Gotel v. State,* 137 Ga. App. 461 (2) (224 SE2d 93). In view of the fact that the trial court recognized that the prosecutor may have misunderstood an agreement to accept the tendering of such evidence as an actual tender of the evidence, we refuse to conclude that the court abused its discretion in reopening the case. Therefore, as to this count the judgment of the trial court is affirmed.

*Judgment in Case No. 58320 reversed with direction that a verdict of acquittal be entered. Judgment in Case No. 58321 reversed with direction that a verdict of acquittal be entered as to Count 1; judgment affirmed as to Count 3. Deen, C. J. and Carley, J., concur.*

Submitted September 4, 1979 — Decided October 22, 1979 — Rehearing denied November 13, 1979 —

*John E. Sawhill, III,* for appellant (Case No. 58320).
*Harvey C. Brown, Jr.,* for appellant (Case no. 58321).
*F. Larry Salmon, District Attorney, Timothy Alan Pape, Assistant District Attorney,* for appellee.