## 59994. DESHAZIER v. THE STATE.

SHULMAN, Judge.
Defendant appeals his conviction of two counts of vehicular homicide in the first degree. We affirm.

Both counts charged defendant with causing the death of an individual through violations of Code Ann. §§ 68A-901 and 68-902, driving a motor vehicle with a reckless disregard for the safety of persons and property while under the influence of alcohol.

1. Appellant does not complain of the sufficiency of the evidence in regard to his intoxication (violation of § 68A-902) but submits there was no evidence of his reckless driving. We disagree.

There was eyewitness testimony presented at trial that defendant was driving in excess of the speed limit immediately after the collision. (As to the admissibility of evidence of post-incident behavior, see, e.g., *Price v. State,* 166 Ga. 120 (142 SE 666); *James v.*

*State,* 30 Ga. App. 36 (116 SE 663)). There was evidence of defendant's flight from the scene of the collision (*Johnson v. State,* 148 Ga. App. 702 (252 SE2d 205); *Richardson v. State,* 113 Ga. App. 163 (2) (147 SE2d 653)), and also defendant's own statement that he was driving "too fast" (which, though not necessarily inculpatory, was properly admitted for the jury to determine whether or not it constituted an admission). This being so, we conclude that there was sufficient evidence from which the jury could find defendant guilty of reckless driving. See generally *State v. Black,* 149 Ga. App. 389 (254 SE2d 506); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The court's charge on reckless driving was thus not erroneous on the grounds that it was not authorized by the evidence.

2. Nor concomitantly do we find merit in appellant's contention of error in regard to the court's failure to instruct the jury to disclose whether their guilty verdicts were premised upon defendant's violation of Code Ann. § 68A-901 or Code Ann. § 68A-902, or both.

As stated in Division 1, there was evidence to warrant the jury's finding of a violation of either § 68A-901 or § 68A-902, or both. This being so, even had the jury determined that defendant had only violated one of the statutory provisions, he would nevertheless be guilty of the offense of vehicular homicide. See *Newmans v. State,* 65 Ga. App. 288 (16 SE2d 87).

3. Defendant contends that the court erred in failing to charge the jury on "independent" and "intervening" causes. Defendant argues that because he presented some evidence at trial to show that an unidentified driver of a third automobile may have caused the deceased driver to lose control of his vehicle (and that if defendant did strike the deceased's vehicle it was due to an unavoidable accident), the court erred in not charging the law on intervening acts.

Even assuming that the doctrine of intervening cause was relevant to defendant's defense of accident (although we must take issue with defendant's claim that accident was his sole defense, inasmuch as he presented evidence or raised the issue that he was not involved in the collision in question), the court's failure to charge a legal principle inapplicable to the facts in evidence was not error.

"A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. *An intervening force may be either a superseding or concurrent cause of injury,* depending upon a number of causative factors involved." (Emphasis supplied.) *Perry v. Lyons,* 124 Ga. App. 211, 215 (183 SE2d 467).

The defendant does not contend that his negligence or recklessness was *superseded* by the negligent or reckless act of

another but rather that it may have been *preceded* by the negligence of another. That being true, the doctrine of independent intervening cause which relates only to a superseding or concurrent cause of injury has no relevance to the facts at issue in the instant case.

4. Defendant's complaint regarding the court's failure to charge the law on the flight of an accused is likewise without merit. In view of defendant's failure to specifically request such a charge and in view of the court's full and complete charge on circumstantial evidence (of which flight is an example or instance), we find no error. See, e.g., *McFarland v. State,* 109 Ga. App. 688 (1) (137 SE2d 308), holding that "[t]he effect of the admission of evidence . . . should usually be made the subject of an objection or of a request to charge where it is desired that it be restricted to a special purpose." Id., p. 689.

5. Appellant asserts error in the court's denial of his motion to suppress photographs of his automobile and paint scrapings taken from the exterior of the vehicle.

We cannot agree that such evidence was subject to defendant's motion to suppress. "In the present case, nothing from the interior of the car and no personal effects, which the Fourth Amendment traditionally has been deemed to protect, were searched or seized and introduced in evidence. With the 'search' limited to the . . . taking of paint scrapings from the exterior of the vehicle . . . we fail to comprehend what expectation of privacy was infringed." Cardwell v. Lewis, 417 U. S. 583, 591 (94 SC 2464, 41 LE2d 325). Likewise, we refuse to find that the photographs taken of the exterior of defendant's automobile were inadmissible for the reason assigned. Nor, indeed, has appellant alleged any harm resulting from the admission of the photographs which were, in any event, merely cumulative of testimonial evidence as to the condition of defendant's automobile. *Williams v. State,* 144 Ga. App. 130 (2) (240 SE2d 890); *Washington v. State,* 29 Ga. App. 52 (113 SE 51).

6. Appellant argues that it was error for the court to allow evidence of a subsequent collision involving appellant on the grounds that such evidence was irrelevant and prejudicial.

As stated in Division 1, defendant's actions immediately following the collision at issue were admissible as part of the res gestae as evidence tending to establish the guilt (or innocence) of the accused. See *Johnson v. State,* supra; *Richardson v. State,* supra.

The fact that such evidence may have incidentally implicated defendant with the commission of another crime does not compel the exclusion of the evidence or a contrary result. See, e.g., *Cauley v. State,* 137 Ga. App. 814 (3) (224 SE2d 794); *Barnes v. State,* 200 Ga. 402 (3) (37 SE2d 141).

7. Appellant's complaint that the court erred in not defining

"proximate cause" or "contributory cause" in its jury instructions is also without merit.

"When a party has requested no special instructions as to the meaning of legal terms and technical words, this is not generally a ground for new trial. [Cits.] In this case defendant made no request for additional instruction, and the charge as given and the absence of further instructions does not require reversal." *Jackson v. State,* 120 Ga. App. 417 (170 SE2d 751).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 3, 1980 —

*Fred M. Hasty,* for appellant.
*W. Donald Thompson, District Attorney,* for appellee.