*Floyd Mincey,* for appellee.

## 62678. BEAMAN v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of homicide by vehicle in the first degree, Code Ann. § 68A-903 (a).

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal premised upon the state's alleged failure to produce evidence that the victim died as the result of any wrongful acts on the part of appellant. The evidence adduced at trial authorized the following findings: Appellant, while intoxicated, was operating his vehicle in a westerly direction on the eastbound lane of a divided interstate highway. Appellant's vehicle struck the automobile in which the victim was a passenger head-on. The victim's fiance, who was driving the car, testified that she last saw him alive "[j]ust prior to the wreck." The emergency medical technician who was called to the wreck found that the victim had been pinned behind the dashboard and "had extensive head and chest injuries" and compound fractures of the arms and legs. It was the medical technician's expert opinion that those injuries had been suffered as the result of the collision and that the victim was dead at the scene. It is appellant's contention that this evidence is insufficient to establish the corpus delicti because there was no *specific* testimony that the victim's death at the scene was the proximate result of the "extensive" injuries he had suffered in the head-on collision with appellant's automobile. Appellant argues that the evidence showed only that there had been a collision, that the victim suffered injuries in the collision, and that the victim was dead. The evidence clearly established that the victim was living immediately prior to the collision and was dead immediately afterward, having suffered "extensive" head and chest injuries as the result of the wreck. The mere fact that there was no specific testimony that the "extensive" injuries suffered in the collision were the proximate cause of the victim's death "would not prevent the jury, after hearing a description of the wound which had been inflicted, from determining for themselves whether or not the wound was the cause of death; and if the jury decided that the wound was a cause sufficient to produce the death, and no other cause was shown to have existed, there was sufficient basis for the conclusion that death resulted from the wound rather than from some other cause, the existence of which there was not the slightest evidence to establish." *Long v. State,* 60 Ga. App.

517, 519 (4 SE2d 75) (1939). It was not error to deny appellant's motion for directed verdict. Compare *Brown v. State,* 152 Ga. App. 273 (262 SE2d 497) (1979).

2. Appellant asserts that evidence concerning the level of alcohol in his blood was erroneously admitted into evidence over his objection that to admit such evidence in the case would result in an unconstitutional application of Code Ann. § 68A-902.1. Apparently at the time appellant was "advised" of his rights under Code Ann. § 68A-902.1 by the officer investigating the collision, appellant was unconscious. A blood sample was then taken from the unconscious appellant. It is appellant's contention that the implied consent law may not be constitutionally applied to an unconscious driver and that evidence relative to this blood sample, taken while he was unconscious, was therefore erroneously admitted. This same argument was considered and rejected in *Smith v. State,* 143 Ga. App. 347, 348 (1) (238 SE2d 698) (1977). Despite subsequent arguments that *Smith,* supra, should be overruled, it remains the law of this state. See *Williams v. State,* 145 Ga. App. 81 (243 SE2d 614) (1978); *Thornberry v. State,* 146 Ga. App. 827 (247 SE2d 495) (1978). We reaffirm the holding in *Smith* in the instant case. "The police investigator is often faced with the problem of preserving evidence of a crime which he believes upon reasonable grounds to have been committed. The investigator in this case was faced with evidence that an apparent homicide had occurred, the driver of the suspect vehicle either had been drinking or it appeared he had been drinking. Time was passing and the blood-alcohol level, by natural law, was changing. The suspect was either unconscious or unable to communicate with the officer. The officer acted under the authority of the implied consent law to take the blood specimen. Even though [the appellant was unconscious at the time he was advised] of the right to an independent test, we do not believe that invalidated the procedure or rendered the results of the test inadmissible." *Smith,* 143 Ga. App. at 349, supra. Accordingly, this enumeration is meritless.

3. Error is enumerated upon the trial court's refusal to give the following charge: "[W]here any chemical tests of bodily fluid is made, the person tested may have a physician, or a qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to our law." We find no error in the refusal to give this request. Code Ann. § 68A-902.1 (a), from which the requested charge was taken, deals with the admissibility of chemical tests. The question of the admissibility of

evidence is a question for the trial court not the jury. See generally *Hotchkiss v. Newton,* 10 Ga. 560 (1851). As discussed in Division 2 above, the trial court correctly ruled that appellant's blood test was not inadmissible into evidence because he was unconscious at the time the sample was taken. The trial court having correctly performed its function and determined the legal question of the admissibility of evidence under Code Ann. § 68A-902.1 (a), the only "relevant" issue for the jury was the weight and effect to give that evidence. Thus, the only "relevant" jury issue with regard to the admissible test results was the "presumption" to be given to those results under Code Ann. § 68A-902.1 (b). The trial court gave its charge on Code Ann. § 68A-902.1 (b), the only "relevant" jury issue in the case. The requested change in the language of Code Ann § 68A-902.1 (a) was not erroneously refused. The request was "relevant" only on the issue of the underlying admissibility of the evidence and was totally irrelevant to any jury issue in the case. See generally *Johnson v. State,* 151 Ga. App. 887, 888 (4) (262 SE2d 201) (1979).

4. Appellant enumerates as error the failure of the trial court to give a requested charge on the "lesser included offense" of vehicular homicide in the second degree, Code Ann. § 68A-903 (b). Assuming without deciding that Code Ann. § 68A-903 (b) may in certain circumstances be a lesser included offense of Code Ann. § 68A-903 (a), the evidence in the instant case did not "reasonably" raise the issue that the victim's death was caused by any violation of the Uniform Rules of the Road other than appellant's driving under the influence. The state's uncontroverted evidence clearly showed appellant was in violation of Code Ann. § 68A-902, driving under the influence, at the time of the collision. Appellant offered no evidence whatsoever. Thus, there is not the "slightest suggestion" in the evidence that the victim's death in the collision was caused by any violation other than appellant's driving under the influence, pretermitting any other traffic violations that appellant *may* have been in violation of in his drunken state. Under this posture of the evidence there were only two possible verdicts, guilty as charged of first degree vehicular homicide or a complete acquittal. Accordingly it was not error to refuse appellant's written requests to charge. *Quick v. State,* 139 Ga. App. 440, 443 (5) (228 SE2d 592) (1976). See also *Collins v. State,* 146 Ga. App. 138 (2) (245 SE2d 488) (1978); *Ewald v. State,* 156 Ga. App. 68, 70 (6) (274 SE2d 31) (1980).

5. The trial court did not err in admitting testimony concerning information related to a police officer, where the testimony was admitted for the purpose of explaining the officer's conduct. Code Ann. § 38-306. *Mooney v. State,* 243 Ga. 373, 393-394 (254 SE2d 337)

(1979).

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

Decided January 19, 1982 —
Rehearing denied February 2, 1982 —

*W. O'Neal Dettmering, Jr.,* for appellant.
*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.