## 66000. EIDSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of homicide by vehicle resulting in the death of another human being in driving and operating the motor vehicle in reckless disregard for the safety of persons and property and on said occasion while under the influence of alcohol. Following the denial of defendant's motion for new trial, as amended, he appeals. *Held:*

1. Defendant was involved in an automobile collision in which both he and the victim were pinned in their respective cars. A number of witnesses testified as to the smell of alcohol or beer on the defendant's breath immediately following the collision and his abusive and combative manner as attempts were made to render him assistance. The victim's son-in-law, a retired police officer, as well as the investigating patrolman, both of whom viewed the scene of the collision, testified as to certain tire tracks found on the shoulder of the road and on the pavement and that it was their opinion that these tire marks were made by the defendant's automobile on the pavement and continuing to the point of impact on the opposite side of the road. The investigating patrolman also testified that he advised the defendant of his Miranda rights at the hospital and read him an implied consent warning. The defendant agreed to a blood test but when informed that the victim had died he made an admission that he was drunk and that he had "killed her" and then refused to take the test.

The first two enumerations of error contend it was error to allow the testimony of the two witnesses who examined the tracks on the shoulder of the wrong side of the road as having been made by the defendant's automobile, contending that no foundation had been laid in the evidence as a basis for the opinion given. The trial court properly ruled that since these witnesses had seen the automobile and the tracks a proper foundation had been laid from which the witnesses could conclude that the defendant's automobile had made the tracks. See *Fair v. State,* 140 Ga. App. 281, 283 (2) (231 SE2d 1); *Ferrell v. State,* 149 Ga. App. 405, 407 (4) (254 SE2d 404). Compare *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, 24-25 (1) (179 SE2d 290). These enumerations of error are not meritorious.

2. Defendant requested in writing a charge on the principle of proximate cause and here contends in the next enumeration of error that the trial court erred in refusing to give his requested instruction. While the court did not use the language "proximate cause" he did charge the jury on several occasions in referring to the state's contention that the defendant was guilty of reckless driving and

guilty of driving under the influence of alcohol as being the cause of the death of the victim and that it was for the jury to determine whether or not these violations of law, if believed beyond a reasonable doubt as having occurred, caused the death of the victim. No longer is it necessary for the court to charge the exact language of the requested charge when the pertinent principles are covered. See *Ennis v. State,* 249 Ga. 222 (3), 223 (290 SE2d 50); *McCarty v. State,* 157 Ga. App. 336 (2), 337 (277 SE2d 259). As the legal principles covered in the request to charge were given we find no merit in this complaint.

3. The trial court did not err in allowing a witness who observed the defendant at the scene of the collision to testify that the defendant was intoxicated. This witness testified that from her experience with her uncle's heavy drinking over a number of years that she was familiar with someone in an intoxicated condition and that from her experience it was her opinion that the defendant was intoxicated. See in this connection *Lawrence v. State,* 157 Ga. App. 264 (2) (277 SE2d 60); *Garrett v. State,* 146 Ga. App. 610, 611 (1) (247 SE2d 136). The trial court did not err in ruling that the witness could give her opinion as to the defendant's intoxication after giving the basis for that opinion.

4. Defendant next contends that the trial court erred in ruling in a "Jackson-Denno hearing" (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), that an alleged admission of defendant at the hospital shortly after the collision would be admissible in evidence. This admission as made to the officer was spontaneous after he had been advised of his Miranda warnings (Miranda v. Arizona, 384 U.S. 436, 473, 475, 477-478 (86 SC 1602, 16 LE2d 694)) and given an implied consent warning. This statement was made when he was informed of the victim's death and was not as a result of any questioning but in the nature of a spontaneous statement and as such was admissible. See *Thomas v. State,* 243 Ga. 217, 218 (1) (253 SE2d 190); *Woods v. State,* 242 Ga. 277 (248 SE2d 612); *Wilburn v. State,* 230 Ga. 675, 679-680 (2) (198 SE2d 857); Rhode Island v. Innis, 446 U. S. 291 (100 SC 1682, 64 LE2d 297). But even so, the officer also testified that the defendant was coherent and made logical statements, hence, the trial court did not err in determining that the defendant's statement was admissible. See *Durden v. State,* 250 Ga. 325, 327 (2) (297 SE2d 237); *High v. State,* 233 Ga. 153, 154 (1) (210 SE2d 673); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *Lee v. State,* 154 Ga. App. 562, 563 (269 SE2d 65). There is no merit in this complaint.

5. The defendant enumerates error to the trial court's refusal "to charge the Jury the timely oral request that as a predicate for

considering any alleged statement by the Appellant, the Jury must find that such statement was made after being properly advised of his constitutional rights under the decision of Miranda v. Arizona and that he intelligently and voluntarily waived such rights before making any such statement." Here the trial court adequately instructed the jury on admissions and incriminating statements and the relevant principles as to admissibility and consideration by the jury. See *Shirley v. State,* 245 Ga. 616, 619 (3) (266 SE2d 218). We find no merit in this complaint. *Farley v. State,* 145 Ga. App. 98, 100 (243 SE2d 322); *Manemann v. State,* 147 Ga. App. 747, 750-751 (7) (250 SE2d 164); *House v. State,* 232 Ga. 140, 145 (2) (205 SE2d 217).

6. The remaining enumeration of error contends that the trial court erred in refusing to charge a written request as to the principle of "compulsory test for alcohol," that is, that "a law enforcement officer has the constitutional and legal right to have blood extracted from an accused by authorized medical personnel for the purposes of testing to determine any alcoholic content and the extent of such content for the purposes of evidence, regardless of whether or not the accused consents thereto," citing in such request *Beaman v. State,* 161 Ga. App. 129, 130 (2) (291 SE2d 244), and Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908). As set forth in *Beaman v. State,* supra, at page 130 and *Smith v. State,* 143 Ga. App. 347, 348-350 (238 SE2d 698), such a statement, as requested, is true to the extent that a law enforcement officer is authorized under the authority of the implied consent law, to have blood extracted from an accused by authorized medical personnel for the purposes of testing to determine any alcoholic content and the extent of such content for the purposes of evidence regardless of whether the accused consents thereto, but in those situations the person tested has just been in a serious automobile collision and because of his injuries may not be capable of understanding the legal principles in the advising of rights and may not be capable of making a rational decision in response to the officer's request of whether or not he wishes to take a test for alcoholic content. In the case sub judice, however, the defendant was coherent and upon learning of the victim's demise he refused to take the blood test. We find no merit in defendant's contention that the jury should have been informed that a police officer has such a right based upon the cases cited. However, we find no requirement of law that the court should have given such a charge. There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983 —
REHEARING DENIED JUNE 28, 1983 — ▬▬▬▬▬▬

*J. Melvin England,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Harvey W. Moskowitz, Assistant District Attorneys,* for appellee.