74427. DANIELS v. THE STATE.
(362 SE2d 775)

CARLEY, Judge.

Appellant was indicted for the possession, with intent to distribute, of both cocaine and marijuana. He was tried before a jury and a verdict of guilty as to both counts was returned. Appellant appeals from the denial of his motion for new trial and from the judgment entered on the jury's verdict.

1. At appellant's trial, several police officers were called as witnesses for the State. Apparently, at no point did appellant ever raise a hearsay objection to any portion of any officer's testimony or make a contemporaneous request that the jury be instructed that any portion of any officer's testimony was being admitted solely for the limited purpose of explaining the officer's conduct. Instead, after the close of all of the evidence, appellant merely submitted to the trial court the

---

following written request to charge: "The Police Officer in this case having been allowed to testify as to what someone else told him in order to explain his (the Police Officer's) conduct you are instructed that 'such evidence is not admitted for the truth of what it asserts but only to explain the conduct of the Officer who heard them." Appellant enumerates as error the trial court's refusal to give this requested charge.

Some portions of the testimony given by some of the officers who testified in this case may have been admissible solely for the limited purpose of explaining the respective officer's conduct. At the conclusion of the evidence, however, there having been neither a contemporaneous objection nor a contemporaneous request for instructions, no portion of any officer's testimony had ever actually been ruled by the trial court as evidence which was being admitted solely for that limited purpose. Compare *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Having failed to make any contemporaneous objection or request for instructions, appellant's subsequent written request to charge did not specify which portions of which officer's testimony should not be considered by the jury "for the truth of what it asserts. . . ." At least one of the officers had given testimony concerning statements which appellant had made to him. So generally phrased was appellant's request to charge that it would, in effect, have erroneously instructed the jury that not even appellant's own statements to the officers should be considered "for the truth of what it asserts but only to explain the conduct of the officer who heard them." While it is error to fail to give a proper written request to charge on the limited admissibility of evidence (see *Harrell v. State*, supra at 186 (2)), the instruction that was requested by appellant, when viewed in light of the evidence produced at trial, is a confusing and an improper instruction. " 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial.' [Cit.] ' "A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." [Cit.]' [Cits.]" *Kessel v. State*, 236 Ga. 373, 374 (2) (223 SE2d 811) (1976). See also *Seawright v. State*, 172 Ga. App. 517 (6) (323 SE2d 704) (1984). Accordingly, the trial court did not err in refusing to give appellant's request to charge.

2. Appellant enumerates as error the trial court's refusal to give a requested charge on the principle of equal access. Although the trial court did not give the specific charge requested by appellant, an instruction on the principle of equal access was given to the jury. " '(I)t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. [Cit.]' [Cit.]" *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980).

3. Appellant called two witnesses who testified to his general good character. On cross-examination, appellant's arrest record was used by the State to test these witnesses' knowledge of appellant's character. After this cross-examination of appellant's character witnesses, the State presented testimony, through a custodian of the records of the Atlanta Police Department, concerning appellant's prior arrests. At the conclusion of this testimony, the trial court "admitted" a copy of appellant's record of arrests "for the purpose of going into the record but not to go out to the jury." Appellant enumerates as error the admission of his arrest record into evidence, urging that specific acts cannot be used as evidence of his bad character.

This enumeration is controlled by *Kittles v. State*, 168 Ga. App. 123, 124 (1) (308 SE2d 241) (1983): "[A]s we find that the cross-examination of the character witnesses on their knowledge of defendant's [arrest] record was proper, which placed that record before the jury, the subsequent reading of that record to the jury was merely cumulative of what was already in evidence, and, if error, was harmless." See also *Henderson v. State*, 5 Ga. App. 495 (3). (63 SE 535) (1909). "Harm as well as error must be shown affirmatively by the record to authorize a reversal. [Cits.]" *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984).

4. Appellant enumerates as error the admission of testimony concerning the "hierarchy of drug transactions." At trial, appellant objected on the grounds that the testimony was irrelevant and unduly prejudicial. "Relevancy is determined by answering the following questions: '[D]oes the evidence offered render the desired inference more probable than it would be without the evidence.' [Cits.] Where an issue is raised, as to whether the probative value of evidence is outweighed by its tendency to 'unduly arouse the jury's emotions of prejudice, hostility or sympathy' the trial judge has a discretion to be exercised in determining admissibility. [Cits.]" *Smith v. State*, 255 Ga. 685, 686 (2) (341 SE2d 451) (1986). The trial court ruled that testimony concerning a drug hierarchy would be relevant to the issue of intent to distribute and that issue was certainly relevant to the crimes for which appellant was being tried. Although the testimony may have been prejudicial to the appellant, it cannot be said that the trial court abused its discretion in deciding that the probative value of the testimony outweighed the prejudicial impact.

5. A review of the entire record reveals that, from the evidence adduced at trial, a rational trier of fact could reasonably have found proof of appellant's guilt of the respective charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1987.

*Theodore S. Worozbyt, William A. Morrison*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Henry M. Newkirk, Assistant District Attorneys*, for appellee.