75363. WIMBUSH v. THE STATE.
(363 SE2d 347)

McMURRAY, Presiding Judge.

Defendant was convicted of driving under the influence of alcohol and homicide by motor vehicle. His motion for new trial was denied and he appealed. *Held*:

1. Defendant contends the trial court erred in refusing to grant a

directed verdict of acquittal because the State failed to prove that the victim's death was the proximate result of defendant's unlawful acts. We disagree. Viewing the evidence in a light favorable to the verdict, as we must do, we find the following: On January 1, 1982, at dawn, defendant was intoxicated as he travelled south on U. S. Highway 19-41. Visibility was poor — it was foggy and damp — and defendant was "moving pretty fast." (Based on skid marks, a policeman opined that defendant was going 50 m.p.h. The speed limit was 45 m.p.h.) Defendant approached the intersection of U. S. Highway 19-41 and State Highway 92. The victim was travelling in an easterly direction on the state highway. She left her home just a few minutes previously in order to pick up her son from church. As she crossed U. S. Highway 19-41, defendant ran the red light at the intersection. His vehicle slammed into the victim's car. A patrolman came upon the scene almost immediately. Although the victim's car was heavily damaged, the patrolman managed to crawl inside and pull the victim to him. He observed that she was "real severely injured" — she had difficulty breathing, her pulse was faint and she was unconscious. Moreover, the victim suffered a "bad cut right behind her ear." An emergency medical team arrived and transported the victim to the hospital. She was pronounced dead in the emergency room.

Given these facts, we find the evidence sufficient to establish the corpus delicti. True, no one testified specifically that the victim died as a result of the injuries inflicted in the collision. The evidence demonstrated, however, that the victim was living just prior to the collision, that she suffered very severe injuries in the collision, and that she died shortly after the collision. "The mere fact that there was no specific testimony that the 'extensive' injuries suffered in the collision were the proximate cause of the victim's death 'would not prevent the jury, after hearing a description of the wound which had been inflicted, from determining for themselves whether or not the wound was the cause of death; and if the jury decided that the wound was a cause sufficient to produce the death, and no other cause was shown to have existed, there was sufficient basis for the conclusion that death resulted from the wound rather than from some other cause, the existence of which there was not the slightest evidence to establish.' *Long v. State*, 60 Ga. App. 517, 519 (4 SE2d 75) (1939). It was not error to deny appellant's motion for directed verdict. Compare *Brown v. State*, 152 Ga. App. 273 (262 SE2d 497) (1979)." *Beaman v. State*, 161 Ga. App. 129 (1) (291 SE2d 244).

2. It is argued that the evidence was insufficient to establish that defendant was guilty beyond a reasonable doubt of driving under the influence of alcohol. This argument is wholly meritless. The patrolman who first arrived on the scene smelled a strong odor of alcohol on defendant and he opined that defendant was a less safe driver. More-

over, a blood sample was taken from defendant less than three hours after the collision. From the sample, it was determined that defendant's blood contained .20 percent of alcohol. In view of the patrolman's testimony and the results of the blood test, a rational trier of fact could reasonably have found defendant guilty of driving under the influence beyond a reasonable doubt. *Johnson v. State*, 125 Ga. App. 607 (1) (188 SE2d 416); *Simon v. State*, 182 Ga. App. 210, 211 (3) (355 SE2d 120). "[T]he absence of testimony about the metabolic rate of alcohol in the blood (presumably so as to permit calculation of the blood alcohol content at the actual time of the offense from the results of a subsequently administered chemical test) does not render the evidence insufficient to support the conviction. *Morris v. State*, 172 Ga. App. 832, 833 (1) (324 SE2d 793)." *Simon v. State*, supra at 212.

3. The vehicle driven by defendant was occupied by three other people at the time of the collision. In his closing argument, the district attorney observed that those individuals were not called as witnesses by defendant. Defendant interposed an objection, asserting that the prosecution impermissibly commented on the failure of defendant to testify. The objection was overruled, but the trial court instructed the jury at that point that defendant has no burden of proof whatsoever. Continuing his argument, the district attorney later commented that "only two people . . . really know what happened that night. One of them [is defendant] and the other one is gone from the face of the earth." No objection was made with regard to that comment.

Defendant asserts the trial court erred in permitting the prosecution to comment upon defendant's failure to testify. Following his initial objection and the trial court's instruction in response to it, defendant made no further request for relief. There was no motion for a mistrial and no objection was made to the second comment by the district attorney. Accordingly, even if it was error to permit the prosecution's arguments, the error was not preserved. See *Hall v. State*, 163 Ga. App. 515, 517 (4) (295 SE2d 194). Defendant's final enumeration is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 24, 1987.

*Johnny B. Mostiler*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.