### 76464. FOREHAND v. THE STATE.
(373 SE2d 382)

BENHAM, Judge.

Appellant was convicted of driving under the influence of alcohol, driving on the wrong side of the road, and carrying a concealed weapon. On appeal, he complains of the trial court's conduct with jurors, of the refusal to give a charge, and of the prosecuting attorney's closing argument. We find no error and affirm.

1. In his first enumeration of error, appellant complains that he was required to select a jury from a pool containing jurors with whom the trial court had had improper contact. It appears from the record that the trial judge regularly goes to the jury room after a jury has been dismissed for the purpose of answering any questions the jurors have. The trial judge explained on the record that he answers those questions he can answer without influencing the jurors in any way that might affect future service on a jury. Appellant does not allege that any improper communication occurred, just that it is improper for the trial judge to speak with jurors except in open court.

The Supreme Court held in *Berryhill v. State,* 235 Ga. 549 (12) (221 SE2d 185) (1975), that "[a]lthough all communications with the jury are to be discouraged except in open court with all persons present, the communication here did not amount to an instruction or charge to the jury and no reversible error is shown." The latter portion of that holding is even more compelling in this case since the jury in *Berryhill* was then deliberating in that same case, whereas the jurors to whom the trial court spoke in this case had just finished service in a different trial and had not been chosen for this or any other trial. Although we find no harmful error here and approve of the trial court's desire to educate the jurors, we share the concern expressed in *Berryhill* and suggest that the trial court answer questions in open court rather than in the jury room.

2. The second enumeration of error concerns the trial court's refusal to give in its charge subsection (c) of OCGA § 16-11-126. That

subsection concerns the manner in which a concealed weapon may be carried by one licensed to do so. The uncontradicted evidence in this case was that appellant was carrying a pistol in a jacket pocket, not one of the approved methods, and there was no evidence that appellant was licensed to carry a concealed weapon. Under those circumstances, the requested charge was not adjusted to the evidence and there was no error in refusing it. *Daniels v. State*, 184 Ga. App. 689 (1) (362 SE2d 775) (1987).

3. The final enumeration of error is that the trial court erred in permitting the prosecuting attorney to make statements of personal belief in his closing argument. Consideration of that issue is foreclosed by appellant's failure to have closing arguments transcribed. Defense counsel expressly declined, on the record, to have closing arguments taken down. Under those circumstances, there is nothing for this court to review. See *Ford v. State*, 160 Ga. App. 707 (5) (288 SE2d 39) (1981).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988.

*G. Hughel Harrison,* for appellant.
*Gerald N. Blaney, Jr., Solicitor,* for appellee.