A89A0560. ABERNATHY v. THE STATE.
(381 SE2d 537)

DEEN, Presiding Judge.

The appellant, Janet Abernathy, was convicted of second degree vehicular homicide and no proof of insurance. On appeal, in addition to contending that the evidence was insufficient to support the convictions, Abernathy enumerates as error the denial of her motion to sever and the trial court's failure to instruct the jury on criminal negligence as the mens rea for misdemeanor vehicular homicide.

The evidence showed that as Abernathy attempted to pull out onto a road from a shopping center parking lot, a motorcycle collided with her car. The motorcyclist died from the injuries sustained in the collision. At the time of the incident, Abernathy presented an insurance card indicating fleet coverage under a policy issued to an Ammie Cary. At trial Cary explained that approximately six months earlier he had discussed the possibility of providing insured transportation for Abernathy if they worked out an arrangement for Abernathy to look after his infirm mother, but emphasized that he had employed her only one day and had not authorized her further use of the card. Cary's fleet policy did not cover Abernathy's vehicle. *Held:*

1. Where a joinder of offenses is based upon the same conduct or transaction, severance lies within the discretion of the trial court, who must consider " 'whether in view of the number of offenses charged and the complexity of the evidence to be offered, the triers of fact will be able to distinguish the evidence and apply the law intelligently to each offense.' " *Thomas v. State,* 184 Ga. App. 318, 320 (361 SE2d 280) (1987). The trial court did not abuse its discretion in denying Abernathy's motion to sever in this case.

2. The trial court gave the standard jury charge on intent, but denied Abernathy's request for a jury instruction on criminal negli-

gence as the mens rea for second degree homicide by vehicle, on the basis that criminal negligence was applicable only to first degree homicide by vehicle.

"Homicide by vehicle in the first degree and homicide by vehicle in the second degree share the same general elements, to wit: a homicide resulting from the commission of a traffic offense. The only difference between first and second degree vehicular homicide is in the culpability which attaches to the predicate traffic offense . . . ' "[A] distinction is made in the punishment. The former constitutes the *offense* with greater enormity." ' " *Hayles v. State*, 180 Ga. App. 860, 861 (350 SE2d 793) (1986).

OCGA § 16-2-1 provides that "[a] 'crime' is a violation of a statute of this State in which there is a joint operation of an act or omission to act and intention or criminal negligence." In *Johnson v. State*, 170 Ga. App. 433 (317 SE2d 213) (1984), after noting OCGA § 16-2-1, this court held that a jury charge on criminal negligence was applicable to homicide by vehicle. Although *Johnson* involved first degree vehicular homicide, nothing in that opinion suggests a basis for limiting a charge on criminal negligence to only first degree vehicular homicide. Since, as noted in *Hayles*, the only practical difference between first and second degree homicide by vehicle is the seriousness of the predicate traffic offenses, we conclude that a charge on criminal negligence is also applicable to second degree homicide by vehicle.

The jury charge actually requested by the appellant defined criminal negligence as "such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a needless indifference to the safety and rights of others and a reasonable foresight that injury would result." That requested charge was taken from *Johnson*, supra, and is correct as far as it goes, but it is incomplete. This court in *Johnson* also pointed out that " '(t)he violation of the safety statute regulating the use of highways does not constitute criminal negligence, unless such violation is intentional, wilful, or wanton, or unless the violation, though unintentional, is accompanied by recklessness *or is under circumstances from which probable death or injury to others might be reasonably anticipated.*' " (Emphasis supplied.) Because the requested jury charge did not fully apprise the jury of when a traffic violation constitutes criminal negligence, the refusal to give it provides no cause for new trial. *Daniels v. State*, 184 Ga. App. 689 (1) (362 SE2d 775) (1987).

3. The evidence was sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided April 3, 1989 —
Rehearing denied April 17, 1989 —

Kathleen J. Anderson, Donna L. Avans, for appellant.
Ken Stula, Solicitor, Dean Broome, Assistant Solicitor, for appellee.