## A89A1575. ASBERRY v. THE STATE.
### (389 SE2d 18)

BEASLEY, Judge.

Asberry, convicted of second degree vehicular homicide (OCGA § 40-6-393 (b)), driving without a driver's license (OCGA § 40-5-20), and failure to keep his vehicle within a single lane (OCGA § 40-6-48), appeals the denial of his motion for new trial. His three enumerations of error relate to the jury charge.

Asberry had no driver's license, although he had been driving for approximately nine years. On November 18, 1987, he was driving eastbound on Covington Highway and moved into the adjacent lane, back into the lane in which he had been driving, and then again into the adjacent lane. When his car moved into the lane of on-coming traffic, it struck another vehicle travelling westbound driven by Holmes. This collision flipped Holmes' car which struck a third car driven by Hammock. Holmes' car stopped upside down on impact with a telephone pole and he died as a result of trauma from the accident. Asberry claimed later, but not at the time of the accident, that he was struck from the rear before he crossed the center lane, which caused the accident in which Holmes died. Police found no evidence that he was struck from the rear.

1. Asberry contends that the court erred in not giving the requested charge on criminal negligence as the mens rea in this second degree vehicular homicide case.

The charge as to criminal negligence is applicable to second degree homicide by vehicle. *Abernathy v. State*, 191 Ga. App. 350 (381

SE2d 537) (1989). Criminal negligence, however, is only appropriate when the violation of the safety statute regulating the use of the highways is "intentional, wilful, or wanton, or [when] the violation, though unintentional, is accompanied by recklessness or is under circumstances from which probable death or injury to others might be reasonably anticipated." *Johnson v. State*, 170 Ga. App. 433, 436 (3) (317 SE2d 213) (1984); *Abernathy*, supra at 351 (2).

The refusal to charge the request was not error. The state's case establishes that Asberry intended to violate the rules of the road by changing lanes. Asberry does not attempt to show that his actions constitute criminal negligence as defined in *Abernathy* but rather that Holmes' death occurred by accident when Asberry was hit from the rear by another vehicle. The theory of criminal negligence is not supported by the facts or the evidence. The court is not obligated to give a charge not adjusted to the facts. *Gann v. State*, 190 Ga. App. 82, 85 (2) (378 SE2d 369) (1989); *Forehand v. State*, 188 Ga. App. 527 (2) (373 SE2d 382) (1988); *Daniels v. State*, 184 Ga. App. 689 (1) (362 SE2d 775) (1987).

2. Asberry asserts error in the trial court's failure to charge as to when a traffic violation constitutes criminal negligence. Division 1 renders it unnecessary to address this alleged error, as it was not error to deny the request to charge on criminal negligence. In addition, the requested charge suffers from the same defect, that of incompleteness, as the charge refused in *Abernathy*, supra, on which Asberry totally relies.

3. Asberry contends the trial judge erred by failing to charge, without request, proximate causation as an essential element of vehicular homicide in the second degree. "Elaborations on principles of general law must always be requested for the failure to charge to be error." *McFarland v. State*, 109 Ga. App. 688, 689 (1) (137 SE2d 308) (1964). " 'When a party has requested no special instructions as to the meaning of legal terms and technical words, this is not generally a ground for new trial.' " *Deshazier v. State*, 155 Ga. App. 526, 528 (7) (271 SE2d 664) (1980); *Smith v. State*, 143 Ga. App. 347, 350 (2) (238 SE2d 698) (1977). Even if Asberry had submitted a written request for such a charge, no error was demonstrated. *Hoffer v. State*, 192 Ga. App. 378 (384 SE2d 902) (1989); *Eidson v. State*, 167 Ga. App. 184 (2) (305 SE2d 787) (1983).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1989.

*Carl A. Johnston*, for appellant.
*Ralph T. Bowden, Jr.*, Solicitor, *N. Jackson Cotney, Jr.*, *Anne*

*M. Elmore, Debra J. Blum, Assistant Solicitors*, for appellee.