## A97A0162. TILLERY v. THE STATE.
### (483 SE2d 333)

BLACKBURN, Judge.

Hoyt Nathaniel Tillery appeals his convictions of first degree homicide by vehicle, driving under the influence of alcohol, reckless driving, second degree homicide by vehicle, driving on the wrong side of the road, improper passing, and driving too fast for conditions. On appeal, Tillery contends the trial court erred in failing to grant a directed verdict on the homicide by vehicle charges and in failing to exclude certain testimony and evidence. We affirm Tillery's convictions because the evidence was sufficient to support the verdict, and the trial court did not err in allowing consideration of the objected-to testimony and evidence.

1. In his first enumeration of error, Tillery contends the State failed to establish the victim's cause of death and therefore he was entitled to a directed verdict.

"A motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. Further, the test established in *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)], is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctuation omitted.) *Reddin v. State*, 223 Ga. App. 148, 150 (2) (476 SE2d 882) (1996).

In order to prove a violation of OCGA § 40-6-393, homicide by vehicle, as alleged in the indictment, the State was required to prove that Tillery's actions caused the death of Mary Diane Collins. See *Brown v. State*, 152 Ga. App. 273, 274 (262 SE2d 497) (1979). The evidence is uncontroverted that Tillery was driving his vehicle at a high rate of speed in Collins' lane of traffic when the nearly head-on collision occurred. Furthermore, Dr. Randall Buss, the cardiothoracic surgeon who was operating on Collins when she died, testified that there was no doubt in his mind that Collins' death was directly attributed to the blunt trauma received in the wreck. He further testified that his examination of Collins indicated that there was no sign of a pre-existing condition that could have caused her aorta to rupture on its own, independent of the motor vehicle accident. This evidence, viewed in the light most favorable to the verdict, is sufficient to allow a rational trier of fact to find Tillery guilty beyond a reasonable doubt of homicide by vehicle. See *Jackson v. Virginia*, supra.

Tillery's argument that Dr. Buss is not a pathologist is without merit. A pathologist's testimony is not required to determine cause of death. See *Beaman v. State*, 161 Ga. App. 129 (291 SE2d 244) (1982) (jury could determine cause of death after hearing description of wounds from an emergency medical technician and no evidence of any other cause sufficient to produce death was presented).

2. In two enumerations of error, Tillery contends the trial court erred in allowing the introduction of a photograph of Collins when she was alive. At trial, Tillery objected to Michael Peale's testimony to introduce a photograph of his aunt, Collins. Tillery also objected to the introduction of the photograph, arguing that it had no relevance and was being used to inflame the jury. This issue has been decided adversely to Tillery's position in *Norton v. State*, 263 Ga. 448, 450 (6) (435 SE2d 30) (1993) ("[a]dmission of a photograph of the victim while in life was not error. *Davis v. State*, 255 Ga. 598 (10) (340 SE2d 869) (1986)"). Therefore, we find that this enumeration is without

merit.

3. In his final enumeration of error, Tillery contends the trial court erred in failing to exclude a certified copy of the death certificate over his hearsay objection.

"A death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether the cause of death was intentional or accidental, are not admissible." (Citation and punctuation omitted.) *Swanson v. State*, 216 Ga. App. 1, 2 (453 SE2d 78) (1995). However, in the present case the information contained in the death certificate is merely cumulative of testimony given and is, therefore, harmless. See *Foster v. State*, 259 Ga. 206, 207 (378 SE2d 681) (1989) (conclusions in death certificate supported by other evidence were cumulative and harmless). Therefore, we cannot say that the trial court committed reversible error in allowing a certified copy of the death certificate into evidence.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 19, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997.

*Farless & Newton, Floyd H. Farless*, for appellant.
*Stephen F. Lanier, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.