37463. THE STATE v. CRANE et al.
37464. THE STATE v. CRANE.
37465, 37466. THE STATE v. NUNLEY (two cases).

UNDERCOFLER, Justice.

The dismissal of three felony-murder indictments[1] was appealed by the State.[2] The deceased was the fourth would-be burglar. He was shot and killed in defense of person and property by the homeowner who was the intended burglary victim.

All concede that the issue of whether or not our felony-murder statute penalizes the killing of one of the parties to the underlying felony by the intended victim of the underlying felony is one of first impression in Georgia. Other jurisdictions apparently are split on this issue, the numerical majority favoring a negative answer.[3]

The responses of the courts of the several states to this question necessarily are directly related to the wording of their felony-murder statutes. Our statute provides that "A person also commits the crime of murder when in the commission of a felony he causes the death of another human being, irrespective of malice." Code Ann. § 26-1101 (b). The word "another" in this context "means a person or persons other than the accused." Code Ann. § 26-401 (c).

We do not have before us the question of whether or not our felony-murder rule applies when one of the parties to the underlying felony shoots and kills one or more of the other parties; neither are we concerned here with the distinction between the word "felony" and the term "forcible felony" as defined, respectively, in Code Ann. §§ 26-401 (e) and 26-401 (f). The only issue presented is whether the death of one of the would-be felons at the hand of the intended victim of the underlying felony invokes the felony-murder rule as enacted by our General Assembly.

The key words of the statute are "he causes." These words can be read either to include or to exclude the homicide in the present case. One construction would be that the words "he causes" require the death to be caused *directly* by one of the parties[4] to the underlying felony. Another construction would be to include also those deaths *indirectly* caused by one of the parties, as in the present case where

---

[1] Each of the indictments reads, in relevant part, that Clyde Crane, Willie Rondel Nunley or Freddie Nunley committed the offense of felony in that on a certain date in a certain county he "unlawfully while in the commission of a felony, to-wit: Burglary, did cause the death of Roy H. Combs, a human being."

[2] The right of the State to appeal has not been questioned. Code Ann. § 6-1001a (a).

[3] Anno. 56 ALR3d 239.

[4] Code Ann. § 26-801 defines the term "party" to a crime.

the parties caused the intended victim of the burglary to shoot and kill one of their number.

We would, if allowed a choice, favor the construction which would criminalize the conduct involved in the present case. However, we are constrained by principle to rule in behalf of the accuseds. "[W]hen a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused." (Emphasis supplied.) *Riley v. Garrett,* 219 Ga. 345, 347 (133 SE2d 367) (1963).

The choice of whether or not the conduct in the present case should be violative of our criminal statutes lies with the General Assembly.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1981.

*David L. Lomenick, Jr., District Attorney, James A. Meaney III, Assistant District Attorney,* for appellant.

*Bobby Lee Cook, A. Kristina Cook Connelly, Roger R. Auman, Jr., Hubert E. Hamilton III,* for appellees.