## 40358. SCOTT v. THE STATE.

WELTNER, Justice.

Scott was convicted of the felony murder of Thornton and was sentenced to life imprisonment. He also was convicted of criminal possession of explosives and conspiracy to commit arson, for which he was sentenced to terms of years. Thornton and Scott acquired or constructed an explosive device, and were in immediate pursuit of a plan to detonate that device for the purpose of destroying public property, in the course of which the device exploded, killing Thornton.

1. OCGA § 16-5-1 (c) (Code Ann. § 26-1101) provides that: "A person ... commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice."

Although the exact cause of the explosion is not known, it is clear beyond quarrel that Thornton's death was caused by the common actions of himself and of Scott in acquiring or building and transporting the device with the intention of detonating it for felonious purposes. As such, Scott's conduct comes squarely within the language of the statute.

This case is easily distinguished from *State v. Crane,* 247 Ga. 779 (279 SE2d 695) (1981), in which this Court held that the felony murder statute is inapplicable to homicide of one of the parties to the underlying felony by the intended victim of that felony; and from *Hill v. State,* 250 Ga. 277 (295 SE2d 518) (1982), in which an innocent bystander was killed by a projectile fired by a police officer, who was returning the fire of the defendant — because in neither *Crane* nor in *Hill* was the homicide committed by either the defendant, or "by

someone acting in concert with him." 250 Ga. at 280, fn. 2. In the present case, the death of Thornton resulted from conduct of Scott and Thornton who were acting in concert with the felonious purpose of destroying public property by use of an explosive device.

2. Scott's convictions for criminal possession of explosives and conspiracy to commit arson must be set aside, as these offenses were alleged in the indictment as the underlying felonies supporting the felony murder count of the indictment. Compare, *Satterfield v. State,* 248 Ga. 538, 540 (285 SE2d 3) (1981), with *Atkins v. Hopper,* 234 Ga. 330 (3) (216 SE2d 89) (1975).

3. The remaining enumeration of error relative to the charge of the court is without merit in light of the ruling in Division Two.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED MARCH 7, 1984.

*Ronnie A. Wheeler,* for appellant.
*Gary C. Christy, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.