## A90A0007. WILBURN v. THE STATE.

(390 SE2d 645)

BANKE, Presiding Judge.

The appellant and a co-defendant, Gary Ross, were jointly indicted and tried on charges of burglary (three counts), attempted burglary, and possession of burglary tools. Also named in the indictment were two accomplices who pled guilty and testified for the state at trial. The appellant was convicted on each of the above charges, while Ross was convicted on all but that of possessing burglary tools. The appellant brings this appeal from the denial of his motion for new trial. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the trial, the state presented to the jury the substance of two incriminatory statements the appellant had made while in custody. The appellant contends that the trial court erred in directing the state to delete the word "we" where it had been used in these statements and to substitute for it the word "I." The appellant did not testify, and the purpose of this procedure was to prevent co-defendant Ross's Sixth Amendment right of confrontation from being violated by the use of the statements. See generally *Brown v. State*, 164 Ga. App. 505 (2) (296 SE2d 215) (1982). The appellant complains that the statements were unduly prejudicial to him in their edited form because they overemphasized his involvement in the offenses for which he was on trial, to the exclusion of his accomplices. However, inasmuch as the two co-indictees who testified for the state admitted their involvement, and inasmuch as co-defendant Ross was found guilty on every count except that of possession of burglary tools, we find this argument to be without merit.

3. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]" *Crawford v. State*, 245 Ga. 89, 90-1 (263 SE2d 131) (1980). The trial court was authorized to conclude from the evidence presented at the *Jackson v. Denno* hearing that the appellant made his in-custody statements freely and voluntarily, after being advised of his *Miranda* rights.

4. The appellant contends that the trial court erred in refusing to grant a mistrial after one of the co-indictees who testified for the state responded as follows upon being asked what had been done with some quarters which had been stolen during one of the burglaries: "I think it was spent on drugs. They split them and gave me about $5.00 worth."

"The decision to grant or deny a motion for a mistrial is necessa-

rily a matter within the discretion of the trial court, and the court's exercise of that discretion will not be disturbed on appeal unless it is apparent that a mistrial is essential to preserve the defendant's right to a fair trial. [Cit.]" *Culbreath v. State*, 258 Ga. 373, 376 (369 SE2d 29) (1988). Because the testimony at issue was, at worst, merely cumulative of other evidence indicating that property stolen during the burglaries had been exchanged for cocaine (see Division 6, infra), we conclude without hesitation that the trial court did not abuse its discretion in refusing to declare a mistrial on the basis of it.

5. The appellant contends that the court erred in allowing the burglary tools into evidence because they were "immaterial and impermissibly place[d his] character in issue." We are at a loss to understand the contention that the tools were "immaterial," since they were the tools the appellant was charged with having possessed and used during the commission of the offenses for which he was on trial. We note that the objection which the appellant made to this evidence at trial was not that it was irrelevant or that it improperly placed his character in issue but that it was the fruit of an illegal arrest. However, the tools were not seized from the appellant's person or home but from the trunk of an automobile belonging to one of his co-indictees. "The right to object to an unreasonable search and seizure is a privilege which is personal to those whose rights have been infringed, and the appellant here was not entitled to object to the search of an automobile which was not his property or in which he had no right of exclusive possession." *Dutton v. State*, 228 Ga. 850, 851 (188 SE2d 794) (1972). Accord *Howard v. State*, 187 Ga. App. 74, 76 (4) (369 SE2d 271) (1988).

6. The appellant contends that the trial court erred in refusing to declare a mistrial in response to testimony by one of the state's witnesses to the effect that he (the witness) had received information "from one of [the suspects] that . . . the cigarettes that were stolen [during one of the burglaries] were . . . exchanged for cocaine." An examination of the transcript reveals that no objection was made to this testimony at the time it was offered. Moreover, the appellant's subsequent motion for mistrial was not based upon the introduction of this testimony but was a renewal of his previous motion for mistrial dealing with the admission of the edited version of his custodial statements. Accordingly, this enumeration of error presents nothing for review.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED FEBRUARY 5, 1990.

*N. David Wages*, for appellant.

■■■■■■    ■■■

*Timothy G. Madison, District Attorney*, for appellee.