S00A0844. HYMAN v. THE STATE.
(531 SE2d 708)

CARLEY, Justice.

Autouri Holcomb shot and killed his girlfriend and, the next morning, went to the home of his friend Algernon M. Hyman. Police obtained a warrant for the arrest of Holcomb, searched for him in various locations, and eventually proceeded to Hyman's home. Hyman and his mother told police that Holcomb was not in the house, and Ms. Hyman consented to a search. When Officer George Hester looked into a closet, Holcomb fatally shot him. After police threw in tear gas, Holcomb left the room with his gun and threatened to kill the police officers, who then shot and killed him. The grand jury indicted Hyman for the murder of Officer Hester while in the commission of the offense of making a false statement, and also for

the underlying offense itself. At trial, the jury found Hyman guilty of both offenses, and the trial court merged the false statement count into the felony murder count and sentenced him to life imprisonment. The trial court denied Hyman's motion for new trial, and he appeals.[1]

1. Hyman contends that the evidence is insufficient, because the State did not show that the death of Officer Hester was a foreseeable result of the false statement. See *Ford v. State*, 262 Ga. 602 (1) (423 SE2d 255) (1992). Pretermitting consideration of that issue, however, we find that the cases of *Hill v. State*, 250 Ga. 277, 279 (1) (b) (295 SE2d 518) (1982) and *State v. Crane*, 247 Ga. 779 (279 SE2d 695) (1981) are controlling and require reversal of Hyman's felony murder conviction.

Georgia's felony murder statute provides that "[a] person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). "The key words of the statute are 'he causes.'" *State v. Crane*, supra at 779. Although it is possible to construe these words so as to include those deaths indirectly caused by one of the parties, this Court has held that a strict construction of the statute is necessary, requiring that the death "be caused *directly* by one of the parties to the underlying felony." (Emphasis in original.) *State v. Crane*, supra at 779. This principle applies regardless of whether the victim of the alleged felony murder was a party to the underlying felony or, as here, was innocent of any wrongdoing. *Hill v. State*, supra at 280 (1) (b). The murder in this case was only indirectly attributable to Hyman's false statement. Compare *McCoy v. State*, 262 Ga. 699, 700 (1) (425 SE2d 646) (1993). Rather, Holcomb directly caused the death of Officer Hester, and there is no evidence whatsoever that Hyman was acting in concert with Holcomb or was otherwise a party to the actual shooting. Compare *Smith v. State*, 267 Ga. 372, 375 (5) (477 SE2d 827) (1996); *Scott v. State*, 252 Ga. 251 (1) (313 SE2d 87) (1984). Because Hyman did not directly cause Officer Hester's death, we must reverse the conviction for felony murder. *Hill v. State*, supra at 280 (1) (b). "If this result be viewed as a defect in our felony murder statute, the remedy lies with the legislature." *Hill v. State*, supra at 280 (1) (b).

We do not address those remaining enumerations of error which

---

[1] The crimes occurred on September 12, 1996. The grand jury returned its indictment on November 11, 1996. The jury found Hyman guilty on May 4, 1999 and, on the same day, the trial court entered the judgment of conviction and sentence. Hyman filed his motion for new trial on May 24, 1999 and amended it on October 4, 1999. The trial court denied that motion on January 10, 2000, and Hyman filed his notice of appeal on the same day. The case was docketed in this Court on February 8, 2000 and submitted for decision on April 10, 2000.

concern only the felony murder charge, since the conviction therefor no longer stands. See *Stephens v. State*, 219 Ga. App. 881, 883 (2) (467 SE2d 201) (1996). However, the evidence clearly authorized a jury to find, beyond a reasonable doubt, that Hyman lied when he told the police that Holcomb was not present and, therefore, that Holcomb was guilty of the crime of making a false statement. OCGA § 16-10-20; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Watkins v. State*, 191 Ga. App. 87, 89 (2) (381 SE2d 45) (1989). Thus, we now turn to those enumerations of error which apply to the false statement charge.

2. Hyman exercised all 12 of his peremptory strikes against white prospective jurors, 11 of whom were male. The State challenged these strikes pursuant to *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), which extended the analysis of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) to the peremptory challenges of criminal defendants. *Chandler v. State*, 266 Ga. 509 (2) (467 SE2d 562) (1996). The trial court found a prima facie case of discrimination, and defense counsel offered explanations for each of his strikes against white male jurors. Hyman contends that the trial court then impermissibly placed the ultimate burden of persuasion upon him by prematurely terminating the *McCollum* procedure and reinstating three jurors even though his attorney gave race-neutral reasons for striking them.

The record shows that, contrary to Hyman's assertions, the trial court's inquiry did not end once it heard the explanations given by the defense. Instead, at the trial court's request, the district attorney responded to several of those explanations. "[I]t is not necessary for the trial court to make an explicit finding that the offered explanation is valid at the conclusion of step two in the analysis. [Cits.]" *Curry v. State*, 238 Ga. App. 511, 514 (1) (a) (519 SE2d 269) (1999). The record is sufficient to establish that, rather than omitting step three, "the trial court accepted defense counsel's 'explanations as race-neutral under the second step of the test, but at the third step chose to disbelieve them following the [S]tate's response.' [Cit.]" *Curry v. State*, supra at 514 (1) (a). Hyman's attorney recognized that he had incorrect information as to one of the reinstated jurors, and he even offered to remove the strike. Although defense counsel's reason for striking the other two reinstated jurors was their lack of responsiveness on voir dire, the district attorney indicated that the attorneys simply failed to propound questions for which those jurors had an answer and that other unchallenged jurors also had no answers. This response from the State was sufficient to show discriminatory intent and, therefore, to carry its burden of persuasion as to the third step of the *Batson-McCollum* analysis. *Curry v. State*, supra at 514 (1) (b).

3. OCGA § 16-10-20 prohibits the knowing and willful making of a false statement "in any matter within the jurisdiction" of any state or local governmental department or agency. Hyman enumerates as error the trial court's substitution of the word "manner" for the word "matter" in its charge on the provisions of this statute.

The appearance of the incorrect word in the transcript of the charge is "obviously a mere verbal slip or a transcription error, considering the similarity in the sound of the two words." *Fruhling v. State*, 233 Ga. App. 544, 545 (5) (505 SE2d 47) (1998). Assuming that the error was the trial court's and not the reporter's, such a palpable "slip of the tongue" is not reversible error if it clearly could not have misled or confused the jury. *Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997). Any misstatement did not relate to Hyman's defense and was not substantive. See *Gober v. State*, 264 Ga. 226, 229 (4) (443 SE2d 616) (1994). Furthermore, the trial court correctly used the word "matter" when it read the indictment to the jury. See *Arnold v. State*, 271 Ga. 780, 782 (523 SE2d 14) (1999); *Ramsey v. State*, 145 Ga. App. 60, 62 (7) (243 SE2d 555) (1978), rev'd on other grounds, 241 Ga. 426 (246 SE2d 190) (1978). Thus, there was no reversible error, if there was error at all.

4. The trial court charged the jury that "[a]ll witnesses who take the stand and take the oath are presumed to speak the truth." Although we have recommended that such charges not be used, we have repeatedly "held that the use of such a charge is not unconstitutional and does not constitute reversible error. [Cits.]" *Whatley v. State*, 270 Ga. 296, 300 (10) (b) (509 SE2d 45) (1998). Moreover, the trial court gave extensive instructions on burden of proof and credibility, including a charge on the jury's sole prerogative to determine what testimony to believe. *O'Donnell v. State*, 258 Ga. 782, 783 (2) (374 SE2d 729) (1989); *Lawrence v. State*, 238 Ga. App. 102, 104 (2) (517 SE2d 822) (1999).

5. Hyman further contends that trial counsel developed a conflict of interest and rendered ineffective assistance by failing to withdraw. Hyman did not preserve this issue for review, as he failed to raise it in his motion for new trial or at the hearing thereon. "[A]ll known bases for alleging ineffective assistance must be raised and determined by the trial court '*before appeal* if the opportunity to do so is available(.)' [Cit.]" (Emphasis in original.) *Binion v. State*, 222 Ga. App. 333, 336 (4) (474 SE2d 208) (1996). See also *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

6. Hyman enumerates as error the trial court's failure to charge that prior consistent statements are admitted only when the veracity of the witness is in question as to a material point. See *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). However, this principle does not

concern the jury, but obviously relates to the determination of whether prior consistent statements are admissible for the jury's consideration as evidence. "It is the province of the judge in all instances to determine the admissibility of evidence." *Brock v. State*, 206 Ga. 397, 400 (1) (57 SE2d 279) (1950). The trial court did not err in failing to give an explanatory instruction, in the absence of any request therefor. *Tiller v. State*, 196 Ga. 508 (5) (26 SE2d 883) (1943). Furthermore, the trial court would have erred had it simply left to the jury the question of whether any prior consistent statements were admissible. *Rouse v. State*, 135 Ga. 227 (2) (69 SE 180) (1910); *Cain v. State*, 41 Ga. App. 333, 341 (153 SE 79) (1930). Accordingly, we find no error.

Therefore, we reverse and remand the case with direction that the trial court vacate Hyman's conviction and sentence for felony murder and sentence him instead for the crime of making a false statement. See *Brewer v. State*, 271 Ga. 605, 606, 608 (523 SE2d 18) (1999).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 12, 2000.

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.