## S01A0433. VASSER v. THE STATE.
(545 SE2d 906)

HUNSTEIN, Justice.

Barry Euel Vasser was found guilty of felony murder and arson in the death of Johnny Baker. He appeals from the denial of his motion for a new trial.[1] Finding no error in the enumerations raised, we affirm.

1. The jury was authorized to find that the victim, Johnny Baker, died when the pilot light of a water heater ignited gasoline which Baker was dispersing in appellant's home in order to burn down the premises. Baker's cousin, Tony Hale, testified that appellant solicited

---

[1] The crimes occurred between March 23-24, 1998. Vasser was indicted September 15, 1998 in Cherokee County on charges of felony murder (based on the underlying felony of arson) and arson. He was found guilty on March 18, 1999 and was sentenced to life imprisonment by order filed March 24, 1999, with the arson conviction merging into the felony murder conviction. His motion for new trial, filed March 24, 1999 and amended September 19, 2000, was denied September 29, 2000. A notice of appeal was filed October 20, 2000. The appeal was docketed December 5, 2000 and was submitted for decision on the briefs.

him to burn the home when appellant was no longer able to make the mortgage payments on it. Other witnesses testified that appellant had made statements regarding the mortgage company and insurer of the property that he would rather see his house burn than see "them" get it. Appellant told Hale where gasoline was located on the property and that Hale could have anything in the house in return for burning it. Appellant removed numerous items and stored them at a brother-in-law's house before the fire and began burning items outside in order to misdirect the concern any neighbors might have upon smelling smoke. On the day of the crimes, the victim and Hale first trashed the house to make it look like a burglary then left to get a truck, intending to remove some furniture. After their return, they decided not to move anything and both men started pouring gasoline. Hale saw the gasoline around the victim explode and tried to get to the burning man, but could not. Appellant, who learned of the death after responding to a page sent by Hale's wife (appellant's sister), gave instructions that Ms. Hale should not say anything. In the subsequent investigation into the death, appellant stipulated to the admissibility of polygraph test results which indicated that appellant was not truthful when responding to questions such as "did you ask anyone to burn your house."

We find that the evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to appellant's contention, there was circumstantial evidence (in the form of appellant's statement he would rather see his house burn than see the mortgage and insurance companies get it and the steps he took to hide his involvement in the fire) that was sufficient to establish that the arson was without the consent of the mortgage and insurance companies so as to support the arson conviction. See generally *Savage v. State*, 229 Ga. App. 560 (494 SE2d 359) (1997).

Appellant contends the evidence was insufficient to sustain the verdict because the only evidence establishing his guilt is Hale's testimony and a defendant cannot be convicted on the uncorroborated testimony of an accomplice. However, "[w]hether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient. [Cits.]" *Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810) (1998). Hale's testimony was corroborated, inter alia, by the polygraph test results, see *Smith v. State*, 245 Ga. 205 (2) (264 SE2d 15) (1980) and by appellant's behavior before and after the crime, such as his actions in moving belongings prior to the fire and his statements that the mortgage and insurance companies would never get his house. See *Klinect*, supra, 269 Ga. at 572 (1).

Finally, appellant argues that he could not be convicted of felony murder because the felony murder statute requires that the death be caused directly by one of the parties to the underlying felony, citing *State v. Crane*, 247 Ga. 779 (279 SE2d 695) (1981), and because appellant had no knowledge of the victim's involvement in the crime, he could not be deemed to have caused the death directly. We find *State v. Crane* distinguishable on its facts, however, and agree with the State that appellant's argument is controlled adversely to him by our holding in *Scott v. State*, 252 Ga. 251 (313 SE2d 87) (1984), in which this Court recognized that a defendant may be convicted of felony murder where the victim was acting in concert with a codefendant in committing a crime when his death occurred. Accordingly, we find no merit in appellant's enumeration that the trial court erred by denying his general and special demurrer to quash the indictment, which was based upon the same misapplication of *State v. Crane*, supra.

2. Pretermitting whether appellant's arguments are procedurally defaulted, we find no error in the admission of testimony by the GBI agent who conducted appellant's polygraph test or the trial court's charge regarding such testing. The record reveals that the GBI agent was properly qualified as an expert and contrary to appellant's contention, the agent was properly allowed to give his opinion interpreting the results of his test. See *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977) (polygraph examiner's testimony that defendant was lying in denying the crime admissible); *Smith v. State*, supra, 245 Ga. at 205 (2) (polygraph examiner's testimony that defendant lied admissible). The record reveals that the trial court did not give specific language from appellant's requested charge on the polygraph evidence (taken from the pattern charge) after counsel withdrew the one-sentence portion of the charge appellant now challenges on appeal. Despite this procedural default, we find no error in the exclusion of the language since a review of the charge given by the trial court reveals that it substantially covered the essence of the requested language in a manner favorable to appellant. See generally *Crawford v. State*, 236 Ga. 491, 493 (224 SE2d 365) (1976).

3. Appellant contends he received ineffective assistance of counsel. In order for appellant to prevail on this claim, he must carry his burden of showing both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985); *Brown v. State*, 257 Ga. 277 (2) (357 SE2d 590) (1987).

(a) Regarding the polygraph evidence, counsel's performance was not deficient for failing to object to the GBI agent's testimony. Division 2, supra. The record reveals the agent's expertise was clearly

established so there was no prejudice resulting from counsel's alleged failure to research the agent's credentials or impeach his expertise. Appellant failed to make the required showing that he was harmed by counsel's failure to obtain an independent polygraph test, by counsel's failure to adduce evidence of the unreliability of such tests in light of counsel's thorough cross-examination of the GBI agent on this topic, or by counsel's failure to obtain a copy of the polygraph chart when counsel was present during the test and knew the results.

(b) In light of our holding in Division 1 that the evidence adduced at trial satisfies the requirements of *Jackson v. Virginia*, counsel's failure to move for a directed verdict presents an insufficient ground as a matter of law for claiming ineffective assistance of counsel. See *Wright v. State*, 211 Ga. App. 474 (5) (440 SE2d 27) (1993). Given the presence of evidence corroborating Hale's testimony, we find meritless appellant's contention that counsel was ineffective for failing to challenge the absence of corroborative evidence.

(c) In light of Hale's testimony that he had no deals with the State of any kind, appellant has failed to show how he was harmed by counsel's failure to research the issue or cross-examine Hale regarding the existence of a deal to cooperate with the prosecution in order to save his wife from arrest.

(d) Regarding counsel's actions in regard to jury instructions, counsel's performance was not deficient for withdrawing a requested charge on prior difficulties in light of the uncontroverted evidence that appellant and the victim did not know each other. Contrary to appellant's contention, the existence of some evidence that appellant may have been indebted to witness Hale did not justify a charge on prior difficulties. See *Sloan v. State*, 214 Ga. App. 784 (1) (449 SE2d 328) (1994) (evidence of prior difficulties admissible to show bent of mind, intent, and course of conduct between accused and victim or victim's family). Counsel's failure to pursue or ask for a charge on immunity from prosecution was not error as there was no evidence to support such a charge.

(e) Appellant has not pointed to any specific instances at trial where, due to a lack of preparation, his counsel's performance fell below an objective standard of reasonableness. No deficient performance having been shown, appellant's ineffective assistance claim must fail. See *Aleman v. State*, 227 Ga. App. 607 (2) (b) (489 SE2d 867) (1997).

4. After the trial court sustained appellant's objection to testimony by Bobby Elrod, the trial court denied his motion for mistrial and agreed to instruct the jury to disregard the evidence, but failed to do so when trial resumed. Defense counsel did not bring this oversight to the trial court's attention. Appellant now contends error in

the denial of his mistrial motion. However, because we agree with the State that it would not have been reversible error to have admitted Elrod's testimony as it was cumulative of other properly admitted testimony, see generally *Wilburn v. State*, 194 Ga. App. 410 (4) (390 SE2d 645) (1990), and in light of the court's earlier instruction to the jury to disregard any evidence ruled inadmissible by the court, we find no abuse of the trial court's discretion in denying appellant's motion for mistrial.

5. Appellant contends the trial court erred by not instructing the jury on involuntary manslaughter and reckless conduct.

> A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony.

OCGA § 16-5-3 (a). A person is guilty of reckless conduct, a misdemeanor, when he

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation . . . .

OCGA § 16-5-60 (b). Appellant argues that there was evidence to support charges on these Code sections. Specifically, he argues that the jury could have believed that while appellant discussed with Hale his desire to see his home burned, appellant was not serious and did not intend to commit arson, a felony, but that he consciously disregarded the risk that Hale (or someone associated with Hale) would take his words seriously and seek to fulfill appellant's wish by pouring flammable liquids inside the house which appellant knew contained a gas water heater with a lit pilot light.

However, even if the jury were authorized to believe appellant's proposed interpretation of the facts, we do not find that appellant's discussion with Hale was such an "act or omission" which "causes bodily harm to or endangers the bodily safety of another person." Accord *Gay v. State*, 179 Ga. App. 430 (2) (346 SE2d 877) (1986) (use of threatening language does not support conviction for reckless conduct); compare *Reinhardt v. State*, 263 Ga. 113 (2) (428 SE2d 333) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Holley & Holley, William P. Holley III*, for appellant.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.