## S01A0064. BYRD v. THE STATE.
### (548 SE2d 2)

HINES, Justice.

Ashley Byrd appeals his convictions for felony murder, armed robbery, and theft by taking a motor vehicle in connection with the fatal bludgeoning of Vassouleymane Kone, who was employed as a pizza deliveryman. Byrd's sole contention is that his trial counsel was ineffective. Finding Byrd's claim of ineffectiveness of counsel to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed that on the evening of August 24, 1997, Stacy Gilson was working at a Quik-Trip on Winters Chapel Road. She noticed two men loitering near the pay phones and in the parking lot and became concerned. At about 9:40 or 9:50 p.m., Officer Gorman entered the store and Gilson requested that the officer ask the men to leave. Gorman approached the two men and asked them to identify themselves; one man said he was Dante McGrapth, a name that Gorman recognized. The other man identified himself as Jerry Smith. The two men left about five

---

[1] The crimes were committed on August 24, 1997. On November 20, 1997, a DeKalb County grand jury indicted Ashley Byrd, along with Dante McGrapth, for malice murder, felony murder while in the commission of aggravated assault, armed robbery, and theft by taking a motor vehicle. Byrd was tried before a jury August 27-31, 1998, and found guilty of felony murder while in the commission of aggravated assault, armed robbery, and theft by taking a motor vehicle; on the malice murder count, the jury returned a verdict of guilty of felony murder while in the commission of armed robbery. On September 1, 1998, Byrd was sentenced to life imprisonment for felony murder while in the commission of aggravated assault, a concurrent ten years in prison for armed robbery, and a concurrent ten years in prison for theft by taking a motor vehicle. The court considered the verdict of guilty of felony murder while in the commission of armed robbery as merged for the purpose of sentencing. On August 4, 1999, Byrd filed a pro se "motion for permission to make out of time motion for new trial and appeal." Byrd was granted an out-of-time appeal and appointed counsel on September 17, 1999. A motion for new trial was filed on September 27, 1999, amended on June 1, 2000, and denied on August 4, 2000. A notice of appeal was filed on August 31, 2000, and the case was docketed in this Court on September 22, 2000. The appeal was submitted for decision on November 13, 2000.

minutes after speaking with the officer.

Shortly thereafter, Vassouleymane Kone attempted to deliver a pizza to a nearby apartment complex. The order had been placed at approximately 9:29 p.m. from the pay phone at the QuikTrip where McGrapth and his friend had lingered. After arriving at the apartments Kone was attacked by a man with a baseball bat. Witnesses saw Kone lying on the ground, bloodied, while a man with a baseball bat stood over him; they were able to give a physical description of the man wielding the bat. Witnesses also observed the assailant then get into a white car along with another man. This same vehicle was seen in the area shortly after the attack. When police arrived on the scene, they found Kone badly injured, and his money, pizza, and white Chevrolet Lumina gone. Kone later died from blunt force trauma to the head, which he sustained in the attack.

The police determined for which apartment the pizza delivery was intended, but the residents of the apartment denied ordering any pizza. Witnesses informed police that Dante McGrapth might be involved. McGrapth and Ashley Byrd lived in the apartment complex where the attack occurred. Byrd matched the physical description of Kone's assailant.

The day after the attack on Kone, Officer Gorman responded to a domestic incident, involving an altercation between Byrd and his father. A few days later, Gorman realized that Byrd was the same person who was with McGrapth at the QuikTrip, and who had identified himself as Jerry Smith. The 16-year-old Byrd was arrested for giving a false name and information to a police officer. Byrd's mother was notified, and in her presence, Byrd was interviewed by police. Byrd admitted to being involved in Kone's murder.

At trial, Byrd testified to the following: At about 4:00 p.m. on the day of the attack on Kone, he was playing basketball with McGrapth; because of family problems, Byrd "needed a car to get out of the area," and McGrapth suggested that Byrd rob someone; Byrd "didn't have a gun or anything," so McGrapth stated, "What about some bats?"; Byrd had taken some bats from the baseball field at his school and hidden them in the woods, and he told this to McGrapth; then McGrapth suggested ordering a pizza and stealing the car and pizza; the two went to the QuikTrip and used the pay phone to place a pizza order; they left and went to the woods to retrieve the bats; the pizza deliveryman arrived and went into the apartment building with the pizza; when he came out, he saw Byrd and started yelling to scare Byrd away; the deliveryman "grabbed at" Byrd, and Byrd hit him four or five times with the baseball bat; as the victim lay on the ground, crying, Byrd took money from his pockets, put the pizza in the victim's car, and drove away.

1. The evidence was sufficient to enable a rational trier of fact to

find Byrd guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Byrd fails in the contention that he received ineffective assistance of trial counsel because counsel waived his right to a *Jackson-Denno* hearing without consulting him, and thereby failed to move to suppress his custodial statement. In order to prevail on his claim of ineffectiveness, Byrd must show both that his attorney's performance was deficient and that the "deficiency prejudiced him such that a reasonable probability exists that, but for the attorney's errors, the outcome of his trial would have been different." *Moody v. State,* 273 Ga. 24, 27 (5) (537 SE2d 666) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Byrd does not carry his burden.

There is no showing that trial counsel was deficient for waiving a *Jackson-Denno* hearing because Byrd has failed to provide a meritorious basis to contest the admission of his statement to police. At the hearing on the motion for new trial, counsel testified that after learning the circumstances of Byrd's statement and speaking with Byrd and his mother, he did not believe that there was any legal basis to suppress the statement. He correctly determined that the fact that at the time of the interview the police indicated to Byrd that they did not think that he had committed the murder did not, in and of itself, serve as a ground for suppression.

> The issue is whether there was a knowing and intelligent waiver by [the juvenile] of his constitutional rights in making the incriminating statement, assessed under the totality of the circumstances as set forth in *State v. McBride*, 261 Ga. 60, 63 (2) (b) (401 SE2d 484) (1991) and *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

*Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997).

Trial counsel determined that Byrd's statement was freely and voluntarily given, even in light of Byrd's age and the rigorous standards for juveniles outlined in *McBride* and *Riley*. And Byrd has failed to show otherwise. In fact, at the motion for new trial hearing, Byrd testified that he was in the twelfth grade at the time; that he remembered being informed of his *Miranda* rights and that despite possessing those rights he agreed to talk; that he made his confession because his mother told him to tell the truth and because he felt badly after learning of the victim's death; and that the police had not threatened or coerced him in any way.

Trial counsel further testified that he wanted Byrd's statement to come into evidence as part of his strategy to portray Byrd as truth-

ful and to demonstrate that he never intended to hurt the victim, and that the victim rushed Byrd and Byrd reacted by swinging the bat at him. The fact that Byrd and his present counsel now find fault with trial counsel's tactics and strategy does not require a finding that Byrd received representation amounting to ineffective assistance of counsel. *Van Alstine v. State*, 263 Ga. 1, 2 (426 SE2d 360) (1993).

As to Byrd's related claim that trial counsel was ineffective for waiving the *Jackson-Denno* hearing without consulting with him, trial counsel testified that he told Byrd that he did not intend to challenge the statement and that they never argued about the statement's validity or the decision not to attempt to prevent it from coming into evidence. It was for the trial court to assess the credibility of the witnesses, including trial counsel, and accordingly make its determinations. *Gilliam v. State*, supra at 692 (3).

Lastly, Byrd also complains that trial counsel was deficient in allowing him to testify at trial. But Byrd did not preserve this issue for review inasmuch as he failed to raise it in his motion for new trial as amended or at the hearing in the matter. *Hyman v. State*, 272 Ga. 492, 495 (5) (531 SE2d 708) (2000). What is more, at trial, the court advised Byrd about his rights in regard to testifying, and Byrd responded that he understood those rights, that he had consulted with his attorney and his family on the issue, and that he wished to testify. In any event, after a defendant is informed of his rights, the defendant, not his attorney, makes the ultimate decision about whether to testify. *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999).

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Gayle D. Bacon*, for appellant.
*J. Tom Morgan, District Attorney, Kristen L. Wood, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.