## S03A0220. JONES v. THE STATE.
### (581 SE2d 546)

HUNSTEIN, Justice.

Daryl Jones was indicted for malice murder, felony murder with possession of a firearm by a convicted felon as the underlying offense, and possession of a firearm during the commission of a crime, all in connection with the shooting death of Gerald Lattimore. His motion to bifurcate his trial on the malice murder count from his trial on the remaining counts was granted. He was tried before a jury for malice murder and found guilty of voluntary manslaughter and thereafter, in the second phase of the trial, found guilty of felony murder and possession of a firearm by a convicted felon.[1] In this appeal from the denial of his amended motion for new trial, appellant contends that the evidence was insufficient to support the jury's verdict, that his felony murder conviction violated double jeopardy, and that his trial counsel rendered ineffective assistance. We affirm in part and remand in part.

1. The evidence adduced at trial authorized the jury to find that appellant fatally shot Lattimore. According to numerous eyewitnesses to the incident, there was no provocation before the shooting. Instead, appellant walked towards Lattimore, pulled out a gun concealed under his shirt, shot Lattimore in the head, and then fled the scene. Appellant did not deny shooting Lattimore, but contended that he did so because Lattimore had threatened appellant and his girl-

---

[1] The crime occurred on December 1, 2001. Jones was indicted in Bibb County on February 19, 2002 on charges of malice murder, felony murder based on possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. The State served notice of intent to present matters in aggravation of sentencing and sought enhanced sentencing under OCGA § 17-10-7. Following a bifurcated trial on May 6-8, 2002, a jury found him guilty of voluntary manslaughter as a lesser included offense of malice murder and felony murder based on possession of a firearm by a convicted felon. On May 8, 2002 Jones was sentenced to life imprisonment without parole for the felony murder. The voluntary manslaughter stood vacated by operation of law and after trial the State entered an order of nolle prosequi with respect to the possession of a firearm during the commission of a crime charge. Jones filed a motion for new trial on May 23, 2002 and amended it on June 11, 2002. The motion was denied on July 16, 2002. A notice of appeal was filed August 13, 2002. On August 14, 2002 the trial court granted Jones' request for the appointment of new counsel for his appeal. The appeal was docketed on October 17, 2002 and orally argued on February 17, 2003.

friend the night before. Viewed to support the jury verdict, we find the evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of all of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant sought bifurcation of the charge of malice murder from the charge of felony murder predicated upon the status offense of possession of a firearm by a convicted felon in order to avoid the prejudicial impact of injecting his character into evidence. See *Head v. State*, 253 Ga. 429 (3) (322 SE2d 228) (1984). On appeal, however, appellant contends that the bifurcation resulted in a double jeopardy violation because the question of his guilt on the charge of felony murder was submitted to the jury after it had deliberated on the malice murder count and determined that he was guilty of the lesser offense of voluntary manslaughter.

Under OCGA § 16-1-8 (a) (1), "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [r]esulted in either a conviction or an acquittal." In this case, the killing for which appellant was charged was not the subject of another prosecution and his guilt was determined by the same jury in the same prosecution. The short delay between the jury's verdicts on the counts of malice and felony murder due to the bifurcation do not constitute a termination of the prosecution as contemplated by OCGA § 16-1-8 (a). See *Morris v. State*, 264 Ga. 823 (4) (452 SE2d 100) (1995). Appellant was placed in jeopardy and convicted only once and, therefore, his conviction for felony murder was not barred by double jeopardy. See *Turner v. State*, 152 Ga. App. 354 (262 SE2d 618) (1979) (defendant placed in jeopardy when in court of competent jurisdiction, with sufficient indictment, he has been arraigned, has pled, and jury impaneled and sworn).

3. We conclude that appellant is procedurally barred from asserting that his trial counsel was ineffective in this appeal inasmuch as appellant did not assert ineffective assistance of trial counsel as a claim in the trial court and no hearing was held on the issue. We have held that, where the issue of effectiveness is raised for the first time on appeal by an appellate attorney who did not represent the defendant at trial or on motion for new trial and who did not file an amended motion for new trial, a remand for hearing on the issue of effectiveness is appropriate. See *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989).

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Jonathan P. Waters*, for appellant.

*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.