S04A2098. JONES v. THE STATE.
(608 SE2d 229)

HUNSTEIN, Justice.

This Court affirmed appellant Daryl A. Jones's life sentence for felony murder but remanded the case to the trial court to address appellant's claim that he received ineffective assistance of counsel. *Jones v. State*, 276 Ga. 663 (581 SE2d 546) (2003). After a hearing the trial court ruled that appellant was not deprived of the effective assistance of trial counsel. Appellant challenges that ruling on three grounds. Finding no error in the trial court's ruling, we affirm.

In order to establish that counsel was ineffective, appellant must show both that counsel's performance was deficient and that the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In light of this Court's holding in *Jones*, supra, 276 Ga. at 664 (1) that the evidence adduced at trial satisfied the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), counsel's "failure to move for a directed verdict presents an insufficient ground as a matter of law for claiming ineffective assistance of counsel. [Cit.]" *Vasser v. State*, 273 Ga. 747, 750 (3) (b) (545 SE2d 906) (2001). Next, the trial transcript supports the court's finding that counsel objected to hearsay testimony by a police officer; the court agreed that it was hearsay; and the prosecutor then turned to a different line of questioning. Thus, appellant cannot show how he was prejudiced by counsel's behavior regarding this witness. See *Allen v. State*, 277 Ga. 502 (3) (a) (591 SE2d 784) (2004). Finally, counsel testified that because eyewitnesses saw appellant come up behind the victim and shoot him at virtually point blank range, counsel chose not to emphasize the medical examiner's testimony by cross examining the witness about the entry and exit bullet wounds to the victim's head. Counsel's response was a reasonable tactical decision a competent attorney would have made under the circumstances. See *Henry v. State*, 269 Ga. 851 (5) (b) (507 SE2d 419) (1998). Accordingly, appellant failed to

carry his burden of proving both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Jonathan P. Waters*, for appellant.

*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.