S09A1033. NELSON v. THE STATE.
(684 SE2d 613)

MELTON, Justice.

Following a jury trial, Oliver Drew Nelson was found guilty of felony murder and possession of a firearm during the commission of a crime in connection with the February 23, 2003 shooting death of Willie James Rhodes.[1] Nelson contends on appeal that the evidence was insufficient to support the verdict and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the verdict, the record reveals that, on February 23, 2003, Nelson met with Michael Smith in a hotel room and gave Smith a piece of crack cocaine to convince him to rob Rhodes. Nelson also gave Smith a handgun to use in the planned robbery. A witness overheard Nelson setting up the robbery with Smith and talking on the phone with Rhodes' girlfriend, who also helped to set up the robbery of Rhodes. Smith went to Rhodes'

---

[1] On May 6, 2003, Nelson was indicted for felony murder (with attempted armed robbery as the underlying offense), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The possession of a firearm by a convicted felon charge was nol prossed, and, following a jury trial on March 30-April 2, 2004, Nelson was found guilty on all remaining charges. On April 12, 2005, Nelson was sentenced to life imprisonment for felony murder plus five years consecutive for possession of a firearm during the commission of a crime. Nelson filed a motion for new trial on May 11, 2005, which the trial court denied on April 16, 2008. Nelson's appeal was docketed in this Court on March 13, 2009, and submitted for decision on the briefs.

location and attempted to rob him. Smith beat Rhodes with Nelson's handgun during the attempted robbery, and while doing so, the gun discharged, leaving Rhodes with a fatal gunshot wound to the head. Police later found the gun used to kill Rhodes in the car that Nelson was driving at the time he was arrested.

This evidence was sufficient to enable a rational trier of fact to find Nelson guilty beyond a reasonable doubt of all of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-2-20 (b) (4) (One is a party to a crime if he "intentionally advises, encourages, hires, counsels, or procures another to commit the crime.").

2. Nelson also asserts that trial counsel rendered ineffective assistance. Specifically, Nelson claims that trial counsel was ineffective for (1) failing to move for a directed verdict, and (2) failing to use certain exculpatory evidence that he provided to counsel, including an alleged admission from Smith that he would take the blame for the entire crime in exchange for payment, and evidence that an inmate had overheard other people besides Nelson actually planning the crime against Rhodes. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Terry v. State*, 284 Ga. 119 (663 SE2d 704) (2008), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

As stated in Division 1, supra, the evidence presented was sufficient to support the jury's verdict. Therefore, counsel's failure to move for a directed verdict presents an insufficient ground as a matter of law for claiming ineffective assistance of counsel. *Jones v. State*, 278 Ga. 880 (608 SE2d 229) (2005). Further, trial counsel testified at the motion for a new trial hearing that he made a strategic decision not to use the information regarding Smith taking the blame because he thought it would make the jury believe that Nelson was trying to pay Smith to change his testimony. Trial counsel also believed that Nelson was the one who had actually prepared the affidavit in which Smith allegedly agreed to take the blame, because Smith never signed the affidavit and Smith actually

denied its contents when questioned about it. Trial counsel also made a strategic decision not to use the information about the inmate overhearing others who had allegedly planned the crime against Rhodes, because, after following up on the information given to him by Nelson, counsel believed that the evidence would not have helped Nelson's case. In light of trial counsel's reasonable strategic decisions, evidence supports the trial court's conclusion that Nelson failed to meet his burden of showing ineffective assistance of trial counsel. See *Smith v. State*, 283 Ga. 237, 239 (2) (657 SE2d 523) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Barbara B. Claridge*, for appellant.

*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.