In the Supreme Court of Georgia

Decided:   September 14, 2015

S15A1001.  JONES v. THE STATE.

THOMPSON, Chief Justice.

Appellant Daryl A. Jones was convicted by a Bibb County jury of felony murder and sentenced to life without parole on May 8, 2002.  Appellant's conviction was affirmed on appeal.  See Jones v. State, 278 Ga. 880 (608 SE2d 229) (2005); Jones v. State, 276 Ga. 663 (581 SE2d 546) (2005). Thereafter, beginning in 2007, appellant filed several motions to vacate and correct a void sentence, arguing that his sentence of life without parole was unlawful. Appellant's first two motions to vacate were denied.  However, on October 17, 2013, the trial court granted appellant's third motion, vacated appellant's sentence of life without parole, and resentenced appellant to confinement for life with the possibility of parole.[1]

On January 15, 2014, appellant filed a motion in arrest of judgment

---

[1] The order was entered on October 17, 2013, *nunc pro tunc* to May 8, 2002.

asserting his indictment was defective. The trial court denied the motion and this appeal followed.

A motion in arrest of judgment must be filed in the term of court in which the judgment was entered. OCGA § 17-9-61 (b). The Bibb County Superior Court has six terms of court commencing on the first Monday in February, April, June, August, October and December. OCGA § 15-6-3 (23) (A). Assuming, without deciding, the trial court's October 17, 2013, re-sentencing order was a new judgment which triggered "a new statutory right to seek review of the indictment under OCGA § 17-9-61," Simpson v. State, 292 Ga. 764, 765 (740 SE2d 124) (2013), we must nevertheless conclude that appellant's motion in arrest of judgment, which was filed on January 15, 2014, was untimely because it was not filed within the term of court, i.e., the October term, in which the new judgment was entered.

Judgment affirmed. All the Justices concur.